IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| JAGDAT HOOBRAJH, TRINITY | ) | |
| TRUCKING EXPRESS, INC., J & J | ) | |
| INTERNATIONAL, LLC, and ST. | ) | |
| GEORGE TRUCKING & | ) | |
| WAREHOUSE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I.  Introduction

Pending before the Court is Plaintiff's First Motion to Amend/Correct the Complaint (the "Motion") (ECF No. 30).[1] For the reasons that follow, the Court will **GRANT** Plaintiff's Motion.

II. Jurisdiction

The Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332. Venue is proper because a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391.

---

[1] Plaintiff also filed a brief in support. (*See* ECF No. 31.) Defendants did not respond to Plaintiff's Motion.

### III. Background

This case arises from an accident on the Pennsylvania Turnpike. On February 21, 2015, Plaintiff, a truck driver, was driving westbound when he crashed into a tractor-trailer operated by Defendant Jagdat Hoobrajh, who had "failed to negotiate a right curve causing his vehicle to slide and block both lanes of travel . . .". (ECF No. 1 at ¶ 11.) Plaintiff sustained physical injuries and emotional trauma as a result of the accident. (*Id.* at ¶¶ 15-16.)

On January 30, 2017, Plaintiff filed his Complaint before this Court. (*See id.*) Plaintiff asserts four counts: (1) negligence against Mr. Hoobrajh; (2) vicarious liability against Trinity Trucking Express, Inc. ("Trinity"), the truck company for whom Mr. Hoobrajh was employed; (3) vicarious liability against J & J International, LLC, the company that had contracted with Trinity to employ Mr. Hoobrajh as a "borrowed employee"; and (4) vicarious liability against St. George Trucking & Warehouse, Inc., the company to whom Trinity leased its truck and its driver, Mr. Hoobrajh. (*See id.* at 3-7.) Defendants filed their answers on May 3, 2017. (*See* ECF Nos. 16, 17.)

On June 13, 2017, the Court held an Initial Rule 16 Scheduling Conference. (*See* ECF No. 23.) Attorney Rickards and Attorney Nordeen appeared telephonically for Plaintiff. (*Id.*) The same day, the Court entered the Initial Scheduling Order. (*See* ECF No. 24.) The Initial Scheduling Order stated that the parties had until August 1, 2017 to amend the pleadings. (*Id.* at 1.)

Plaintiff filed his Motion to Amend/Correct the Complaint on September 12, 2017, six weeks after the deadline to amend the pleadings had passed. Plaintiff seeks to augment

2

his Complaint by adding an additional allegation of negligence against Mr. Hoobrajh.[2] (ECF No. 30 at ¶ 10.) Plaintiff does not seek to add an additional claim, but merely to "amplify" the negligence claim already alleged. (*Id.* at ¶ 11.) Plaintiff states that amendment will not prejudice Defendants because discovery is ongoing and the drivers involved in the accident have not yet been deposed.[3] (*Id.* at ¶ 12.) Defendants did not respond to Plaintiff's Motion.

Plaintiff's counsel, Mr. Girard Rickards, gives two explanations for Plaintiff's failure to comply with the August 1, 2017 deadline to amend the pleadings: (1) Rickard's co-counsel David Nordeen, the attorney who had been communicating directly with Plaintiff, retired "shortly after this lawsuit was commenced" (*id.* at ¶ 4) and (2) Plaintiff was not aware of the factual basis for his desired amendment until July 13, 2017, when Defendants served their Rule 26 initial disclosures, which included Mr. Hoobrajh's written statement recounting the events leading up to the collision. (*Id.* at ¶ 9.)

## IV. Legal Standard

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15. But, as this Court recently stated, "when a party seeks leave to amend the pleadings after the deadline set by a court's scheduling order, that party must first satisfy Rule 16(b)(4)'s requirements for modifying a scheduling order." *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-CV-22, 2017 WL 4286343, at *2 (W.D. Pa.

---

[2] Specifically, Plaintiff wishes to aver that Mr. Hoobrajh was negligent because he "failed to warn approaching motorists, and specifically the Plaintiff, that the lane(s) and or roadway was blocked by utilizing flares, lights or reflective materials." (ECF No. 30 at ¶ 10.)

[3] The Court notes that while fact discovery was still ongoing when Plaintiff filed this Motion, fact discovery has since closed.

3

Sept. 26, 2017) (citing *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010) (citing cases)).

1. **Rule 16 Analysis**

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. As this Court recently noted, "[i]n the Rule 16(b)(4) context, 'good cause' looks to the diligence of the party seeking modification of the scheduling order." *Hadeed*, 2017 WL 4286343, at *2 (quoting *Graham*, 271 F.R.D. at 119) (citation omitted). "The moving party has the burden to demonstrate 'good cause' under Rule 16(b)(4) before a court will consider amending under Rule 15." *Hadeed*, 2017 WL 4286343, at *2 (internal citation omitted).

The Court finds that Plaintiff has shown good cause. Plaintiff offers two reasonable justifications for his failure to comply with the deadline to amend the pleadings. The Court also observes that Plaintiff appears to be diligently pursuing his case. Accordingly, the Court finds that Plaintiff has satisfied his initial burden to demonstrate "good cause" under Rule 16(b)(4). Fed. R. Civ. P. 16.

2. **Rule 15 Analysis**

According to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4] Fed. R. Civ. P. 15. Rule 15 further instructs that "[t]he court should freely give leave when justice so requires." *Id.* Accordingly, "the District Court's discretion, circumscribed by the Rule 15's directive in favor of amendment, must be exercised within the context of liberal pleading rules." *Mullin v. Balicki*, 875 F.3d

---

[4] Defendants have not consented to Plaintiff's Motion.

140, 150 (3d Cir. 2017) (internal citations and quotation marks omitted). But, as this Court recently stated, "denial of a motion to amend may be appropriate if the party's delay in moving to amend 'is undue, motivated by bad faith, or prejudicial to the opposing party.'" *Hadeed*, 2017 WL 4286343, at *2 (quoting *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016)). "While the undue delay and bad faith factors focus on the movant's motives for not seeking leave to amend earlier, the prejudice factor focuses on the effects allowing amendment would have on the non-movant." *Hadeed*, 2017 WL 4286343 (citing *Langbord*, 832 F.3d at 188) (internal citations omitted).

Plaintiff should be permitted to amend his Complaint. The Court finds that Plaintiff's Motion is not motivated by bad faith. Moreover, the Court finds that the six-week delay in filing the Motion is not undue. Furthermore, there is no evidence that Defendants will suffer prejudice if the Court grants Plaintiff his requested relief. In fact, Defendants never responded to Plaintiff's Motion. Finally, the interests of justice favor granting Plaintiff's Motion; justice would not be served by penalizing Plaintiff because Attorney Nordeen retired or because Attorney Rickards, who had not been in direct communication with Plaintiff prior to Attorney Nordeen's retirement, needed time to familiarize himself with the case. Therefore, the Court finds that Plaintiff has satisfied the lenient requirements for amendment under Rule 15(a)(2).

## V. Conclusion

For the reasons stated above, the Court will **GRANT** Plaintiff's Motion to Amend/Correct the Complaint (ECF No. 30).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| JAGDAT HOOBRAJH, TRINITY TRUCKING EXPRESS, INC., J & J INTERNATIONAL, LLC, and ST. GEORGE TRUCKING & WAREHOUSE, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 4th day of January, 2018, upon consideration of Plaintiff's Motion to Amend/Correct Complaint (ECF No. 30), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Amend/Correct Complaint (ECF No. 30) is **GRANTED**. Plaintiff shall have 21 days (until January 25, 2018) to file a First Amended Complaint.

2. Defendant shall have 21 days after receipt of Plaintiff's First Amended Complaint to file a responsive pleading.

3. The parties shall have 21 days (until January 25, 2018) to file an Amended Proposed Initial Scheduling Order. The parties must indicate in the Order that they agree to all the dates contained therein. Additionally, the parties must state in the Order whether they wish to hold the Post-Discovery Status Conference

scheduled for February 12, 2018, or whether they wish to reschedule the conference for a later date.

4. If the parties wish to reschedule the Post-Discovery Status Conference, they must file a motion to that effect.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE