IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| JAGDAT HOOBRAJH, TRINITY TRUCKING EXPRESS, INC., J & J INTERNATIONAL, LLC, and ST. GEORGE TRUCKING & WAREHOUSE, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is the Defendants' Motion to Strike the Supplemental Report of Plaintiff's Proposed Expert, Ruth Jones, D.O. (ECF No. 50). This motion is fully briefed (*see* ECF No. 50, 52) and is ripe for disposition. For the reasons stated below, Defendants' motion is **DENIED**.

I. Introduction

This case arises from a trucking accident that took place on the Pennsylvania Turnpike in Bedford County, Pennsylvania. (*See* ECF No. 1 ¶ 9-10.) Plaintiff Zaidan Abed-Rabuh alleges that he was injured when the tractor trailer he was driving collided with another tractor trailer driven by Defendant Jagdat Hoobrajh. (*Id.* ¶ 10.)

Plaintiff filed a Complaint against Defendants on January 30, 2017. (*See id.*) From early 2017 until September 14, 2018, the parties engaged in discovery. (*See* ECF No. 41,45,

46.) The instant Motion to Strike results from a discovery dispute that arose between the parties regarding expert discovery.

According to a scheduling ordered entered by the Court on February 14, 2018, Plaintiff was to submit expert reports by June 30, 2018, and Defendants were to submit expert reports by July 31, 2018. (ECF No. 42.)

On June 29, 2018, Plaintiff served Defendants with the expert report of Ruth Jones, D.O. (the "First Report"). Dr. Jones based the opinions in her First Report on certain medical records and the transcript from Plaintiff's deposition. (ECF No. 50 at 8.) The First Report opined Plaintiff's injuries were caused by the accident and concluded that Plaintiff "will not be able to return to his previous occupation" as a truck driver. (*Id.* at 10-11.) In her First Report, Dr. Jones specifically "reserved the right to modify the opinions [in the report] should [she] receive additional information about this patient." (*Id.* at 11.)

On July 5, 2018, five days after Plaintiff's deadline to submit expert reports, Defendants provided Plaintiff with 297 pages of medical records that were not previously available to Plaintiff and a copy of the expert report of Dr. Marilyn Yadlowski, M.D. (ECF No. 52 at 3.) Additionally, Dr. Jones was able to conduct a physical examination of Plaintiff on August 21, 2018. (ECF No. 50 at 17.)

After reviewing the newly produced medical records, the expert report of Dr. Yadlowski, and conducting a physical examination of Plaintiff, Dr. Jones prepared a second supplemental expert report dated October 15, 2018 (the "Supplemental Report"). (*Id.* at 17-19.) The Supplemental Report reiterated the opinions in Dr. Jones's First Report, including that Plaintiff's injuries were caused by the accident and that Plaintiff would be

unable to return to his previous occupation as a truck driver. (*Id.* at 18-19.) Plaintiff served Defendants with the Supplemental Report on October 16, 2018. (*Id.* at 16.)

On October 19, 2018, Defendants filed a Motion to Strike Plaintiff's Supplemental Expert Report of Ruth Jones, D.O. (*id.*), arguing that the Court should strike Dr. Jones's Supplemental Report because it was served after Plaintiff's deadline to serve expert reports. (*Id.* at 3-5.) Defendants argue that they are prejudiced by Plaintiff's untimely submission of the Supplemental Report and that Plaintiff served the Supplemental Report for improper "strategic reasons." (*Id.* at 4.) In the alternative, Defendants request that discovery be extended so that Defendants can depose Dr. Jones before filing dispositive motions. (*Id.* at 5.)

Plaintiff filed a response on October 23, 2018. (ECF No. 52.) Plaintiff argues that the timing of Dr. Jones's Supplemental Report is appropriate because Dr. Jones did not have access to certain medical records, Dr. Yadlowski's expert report, and the findings of her physical examination of Plaintiff. (*Id.* at 3-5.) Plaintiff emphasizes that Dr. Jones's Supplemental Report was necessary because Defendants did not provide Plaintiff with all medical records and expert reports until after Plaintiff served Dr. Jones's First Report and the expert-discovery deadline had passed. (*Id.*)

## II. Jurisdiction

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because Plaintiff is a resident of Washington, Defendants are residents of New York and New Jersey, and the amount-in-controversy exceeds $75,000. (*See* ECF No. 1.) Venue is

proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania. (*Id.* at 2.)

### III. Standard of Review

Under Rule 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); *Nelson v. Bender*, No. 3:15-64, 2015 WL 8207490, at *4 (W.D. Pa. Dec. 7, 2015).

Courts have also held that motions to strike are the appropriate vehicle to contest the submission of an improper or untimely expert report. *See, e.g., Doyle v. A.C. & S., Inc.*, 01-MD-875, 2012 WL 6739912, at *4-5 (E.D. Pa. Dec. 27, 2012). The Third Circuit has created a five-factor balancing test in determining whether a supplemental expert report should be stricken. Courts must consider: (1) the prejudice to defendants; (2) the defendants ability to cure the prejudice; (3) the extent to which allowing the amended report would disrupt the proceedings; (4) whether Plaintiff failed to comply with the Court's scheduling orders willfully or in bad faith; and (5) the importance of the evidence at issue. *Id.* (citing *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d. Cir. 2012)).

### IV. Discussion

There are two issues here. The first issue is whether Dr. Jones's Supplemental Report was a proper supplementation of her First Report. The second issue is whether the Supplemental Report is so prejudicial to Defendants that it must be stricken.

### A. Dr. Jones's Supplemental Report was a Proper Supplementation of her First Report

The Court firstly notes that Dr. Jones's Supplemental Report was untimely under the Court's February 14, 2018 scheduling order, which required Plaintiff to serve Defendants with expert reports by June 30, 2018. (ECF No. 42.) On the other hand, the Court notes that under the Federal Rules of Civil Procedure, parties have a duty to supplement expert reports "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if additional or corrective information has not otherwise been made known to the other parties during the discovery process in writing." FED. R. CIV. P. 26(e)(1)(A).

While Dr. Jones's Supplemental Report was untimely under the Court's scheduling order, it was timely under the Federal Rules of Civil Procedure. Under Rule 26(e)(2), a "party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time of the party's pretrial disclosures under Rule 26(a)(3) are due." Under Rule 26(a)(3), a party must provide the opposing party with all evidence that it plans to produce at trial at least 30 days before trial. Therefore, Plaintiff has a duty to supplement its expert reports to account for new information until at least 30 days before trial. And because trial has not yet been scheduled in this case, Dr. Jones's Supplemental Expert report was timely under Rule 26.

The remaining question is whether Dr. Jones's Supplemental Report contains appropriate information for a supplemental report. Courts have held that supplemental

expert reports under Rule 26(e) may be used "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the original report." *In re Asbestos Products Liability Litig. (No. VI)*, 289 F.R.D. 424, 425 (E.D. Pa. 2013) (quoting *Sancom, Inc. v. Qwest Comm. Corp.*, 683 F. Supp. 2d 1043, 1062-63 (D. S.D. 2010)).

Rule 26(e) "is not an avenue to correct failures of omission because the expert did an inadequate or incomplete preparation, [to] add new opinions, or [to] deepen or strengthen existing opinions." *Id.* (citing *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 301 (M.D.N.C. 2002); *Beller ex rel. Beller v. U.S.*, 221 F.R.D. 689, 691 (D. N.M. 2003); *Keener v. U.S.*, 181 F.R.D. 639, 640 (D. Mont. 1998); *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 238 (D. N.M. 2007)).

Here, the Court finds that the primary purpose of Dr. Jones's Supplemental Report was to incorporate information that was unavailable when she submitted her first supplemental report. The first paragraph of Dr. Jones's Supplemental Report states that:

> Since my [First Report] of June 28, 2018, I received additional information in the form of treatment records for Zaidan Abed-Rabuh from December 1, 2016 through April 1, 2018, the report of Marilyn Yadlowki, M.D. and examined the patient on August 21, 2018. The additional information does not change my previously-stated opinions.

Dr. Jones did not have full access to Plaintiff's medical records when she filed her First Report because Defendants did not provide Plaintiff with all treatment records until after Plaintiff's expert-report deadline. (ECF No. 52 at 2.) Therefore, it was not possible for Dr. Jones to incorporate all of Plaintiff's medical records into her First Report. Similarly, Dr. Jones did not have access to Dr. Yadlowski's expert report when Dr. Jones

prepared her First Report. It is clear that this new, additional information is appropriate subject matter for a supplemental expert report.

Defendants also argue that Dr. Jones should have examined Plaintiff before Dr. Jones submitted her First Report. (ECF No. 50 at 4.) They argue that "Plaintiff had ample time to appear for a physical examination with Dr. Jones or another expert, and for strategic reasons, opted not to do so." (*Id.*) To the contrary, Plaintiff argues that he was not available to be examined by Dr. Jones before the expert-report deadline because Plaintiff lives in the state of Washington and Dr. Jones lives in Bedford, Pennsylvania. (ECF No. 52 at 3.) The Court accepts Plaintiff's explanation. And given the contents of Dr. Jones's Supplemental Report, the Court does not find that Plaintiff will gain an unfair strategic advantage by virtue of the physical examination.

Moreover, Dr. Jones's Supplemental Report does not add new opinions or strengthen or deepen the opinions from her First Report. *See In re Asbestos Products Liability Litig.*, 289 F.R.D. at 425. Defendants argue that Dr. Jones's Supplemental Report impermissibly opines that Plaintiff will be unable to return to work as a truck driver. (ECF No. 50 at 4.) However, Dr. Jones's First Report stated that "[Plaintiff] will not be able to return to his previous occupation [as a truck driver]." (*Id.* at 11.) And in her Supplemental Report, Dr. Jones merely reiterates this opinion. (*Id.* at 18-19.) Therefore, the Court finds that Dr. Jones's Supplemental Report does not impermissibly add new opinions or strengthen the conclusions from her First Report.

## B. Dr. Jones's Supplemental Report is not Prejudicial Enough to Defendants to be Stricken

The Court finds that Defendants will not be unduly prejudiced by the submission of Dr. Jones's Supplemental Report. As previously stated in Section II, the Third Circuit has created a five-factor balancing test in determining whether a supplemental expert report should be stricken. Courts must consider: (1) the prejudice to defendants; (2) the defendants ability to cure the prejudice; (3) the extent to which allowing the amended report would disrupt the proceedings; (4) whether Plaintiff failed to comply with the Court's scheduling orders willfully or in bad faith; and (5) the importance of the evidence at issue. *Doyle v. A.C. & S., Inc.*, 01-MD-875, 2012 WL 6739912, at *4-5 (E.D. Pa. Dec. 27, 2012) (citing *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d. Cir. 2012)).

Here, an analysis of these factors clearly weighs in favor of allowing Plaintiff to submit Dr. Jones's Supplemental Report, and against granting Defendants' Motion to Strike.

First, it is not clear that Defendants are prejudiced by the Supplemental Report. The Supplemental Report reaches the same conclusions as Dr. Jones's First Report. Defendants argue that they are prejudiced by Dr. Jones's Supplemental Report because they "have already incurred substantial expense in having Plaintiff examined by their orthopedic expert, serving their expert reports and engaging in the mediation process." (ECF No. 50 at 4-5.) The Court is not convinced by this argument because Defendants would have submitted their own expert reports and taken part in mediation regardless of Dr. Jones's reports. Moreover, Defendants' expert reports and the mediation process

would not have been seriously affected by Dr. Jones's Supplemental Report because the Supplemental Report reached the same conclusions as the First Report, which was submitted before Defendants' expert reports and the parties' mediation session on August 20, 2018.

Second, while the Court finds that Defendants are not prejudiced by the Supplemental Report, Defendants will be able to account for the Supplemental Report by presenting their own expert testimony.

Third, accepting Dr. Jones's Supplemental Report will not substantially disrupt the proceedings here. The parties have already litigated a discovery dispute (*see* ECF No. 45) and continued various case-related deadlines (*see* ECF Nos. 39, 56). The deadline to file dispositive motions has not passed and no trial date has been set in this action. Accordingly, the Court finds that Dr. Jones's Supplemental Report will not substantially disrupt the proceedings in this case.

Fourth, the Court finds that Plaintiff did not fail to comply with the Court's scheduling order willfully or in bad faith. The Court notes that certain medical records were not available to Dr. Jones when she submitted her First Report because Defendants had not provided Plaintiff with those records. The Court also finds it plausible that Dr. Jones was not able to physically examine Plaintiff before the expert-report deadline because, as previously discussed, Plaintiff lives in Vancouver, Washington, which is more than 2,000 miles from Dr. Jones's office in Bedford, Pennsylvania. Therefore, Plaintiff did not fail to comply with the Court's scheduling orders in bad faith, which weighs in favor of accepting Dr. Jones's Supplemental Report.

Finally, the evidence at issue here is important to this case. Dr. Jones offers opinions on crucial issues in this case—the cause of Plaintiff's injuries and his ability to return to work as a truck driver. Given the importance of these issues, the Court finds that Dr. Jones's opinion would be markedly incomplete if she were not permitted to analyze medical records from Plaintiff's post-accident treatment. Accordingly, this factor also weighs in favor of accepting Dr. Jones's Supplemental Report.

Taken as a whole, the Court finds that Defendants will not be unduly prejudiced by Dr. Jones's Supplemental Report, which dictates against granting Defendants' Motion to Strike.

## V. Conclusion

The Court finds that Plaintiff's submission of Dr. Jones's Supplemental Report was permissible under the Federal Rules of Civil Procedure, even though it was untimely according to the Court's scheduling order. Further, the Court finds that Defendants are not prejudiced by the Supplemental Report. Therefore, Defendants' Motion to Strike is **DENIED**.

The Court further recognizes that Defendants request an opportunity to depose Dr. Jones. (ECF No. 50 ¶ 19.) Because the period for discovery has passed (*see* ECF No. 42), Defendants may file a motion requesting a deposition of Dr. Jones that explains the reasons why discovery should be reopened to afford them this opportunity. Defendants shall file this motion no later than **November 16, 2018.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JAGDAT HOOBRAJH, TRINITY | ) |  |
| TRUCKING EXPRESS, INC., J & J | ) |  |
| INTERNATIONAL, LLC, and ST. | ) |  |
| GEORGE TRUCKING & WAREHOUSE, | ) |  |
| INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

AND NOW, this 1st day of November 2018, upon consideration of Defendants' Motion to Strike the Supplemental Report of Plaintiff's Proposed Expert, Ruth Jones, D.O. (ECF No. 50) and for the reasons stated in the Court's Memorandum Opinion, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE