IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| JAGDAT HOOBRAJH, TRINITY | ) | |
| TRUCKING EXPRESS, INC., J & J | ) | |
| INTERNATIONAL, LLC, and ST. | ) | |
| GEORGE TRUCKING & WAREHOUSE, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is the Plaintiff's Motion to Strike Defendants' Liability

Expert Report of John D. Struble, M.E. (ECF No. 61.) This motion is fully briefed (*see* ECF

Nos. 61, 65) and is ripe for disposition. For the reasons stated below, Plaintiff's Motion is

**DENIED.**

I.      **Introduction**

This case arises from a trucking accident that took place on the Pennsylvania

Turnpike in Bedford County, Pennsylvania on February 21, 2015. (*See* ECF No. 1 ¶¶ 9-10.)

Plaintiff Zaidan Abed-Rabuh alleges that he was injured when the tractor trailer he was

driving collided with the tractor trailer driven by Defendant Jagdat Hoobrajh, which was

disabled on the side of the road at the time of the accident. (*Id.* ¶ 10.)

Plaintiff filed a Complaint against Defendants on January 30, 2017. (*See id.*) From

early 2017 until September 14, 2018, the parties engaged in discovery. (*See* ECF No. 41,45,

46.) The instant Motion to Strike results from a discovery dispute that arose between the parties regarding expert discovery.

Defendants retained John Struble, M.E.—an accident-reconstruction expert—to offer an opinion on "the orientation and positions of both vehicles prior to, during, and after impact for the subject accident." (*See* ECF No. 61-2 at 1.) Defendants served Plaintiff with Struble's expert report (the "Report") on August 2, 2018. (*See id.*) The opinions in Struble's Report are based on incident reports, documents created in this lawsuit, deposition testimony, photographs of the accident, and insurance documents. (*Id.* at 2-3.) Struble's Report concludes that Plaintiff could have avoided colliding with Defendant Hoobrajh's disabled tractor trailer had Plaintiff been traveling at a lower rate of speed.[1] (*Id.* at 19.)

In the instant Motion, Plaintiff makes two arguments in support of striking Struble's Report. First, Plaintiff argues that Struble's Report is improperly based on photographs that Defendants did not disclose to Plaintiff in a timely manner. (ECF No. 61 at 3.) Plaintiff argues that these photos, which were produced on July 5, 2018 as part of Defendants amended Rule 26 disclosures, were improperly disclosed after the end of fact discovery.[2] (*Id.* at 3-5.) Second, Plaintiff also argues that he did not have a chance to

---

[1] The Report also concludes that Plaintiff Abed-Rabuh must have been travelling in the left lane when he struck Defendant Hoobrajh's tractor trailer. (ECF No. 61-1 at 19.) This conclusion is significant because it is contrary to Plaintiff's deposition testimony that he was traveling in the right lane when he struck Defendant Hoobrajh's tractor trailer. (*Id.*)

[2] Defendants served their amended Rule 26 disclosures to Plaintiff on July 5, 2018. (ECF No. 61 ¶ 13.) According to the Court's scheduling order, fact discovery was to be completed by December 4, 2017. (*See* ECF No. 33.)

depose Amar or Omar, an individual who Defendant Hoobrajh called from the scene of the accident. (*Id.* at 4.)

Plaintiff does not challenge Struble's Report based on *Daubert*—he does not question Struble's qualifications, methods, or the reliability of the conclusions that Struble reached. Therefore, the Court will not conduct a *Daubert* analysis.

In response to Plaintiff's Motion to Strike, Defendants argue that "[a]lthough Plaintiff's motion seeks to strike the report of defense expert John Struble, Plaintiff's motion fails to make any legal argument as to why striking Mr. Struble's report is warranted." (ECF No. 65 at 4.) Defendants also argue that they properly supplemented their initial Rule 26 disclosures with the photographs. (*Id.* at 3.) Defendants point out that they acquired the photographs on June 21, 2018 from Zurich American Insurance Company. (*Id.*) Zurich had not previously provided Defendants with the photographs because they were part of a separate claim file for property damage that Plaintiff sustained in the accident. (*Id.*) Finally, Defendants argue that Plaintiff's assertions regarding Amar or Omar are wholly unrelated to the instant Motion. (*Id.* at 5-6.)

## II.     Jurisdiction

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because Plaintiff is a resident of Washington, Defendants are residents of New York and New Jersey, and the amount-in-controversy exceeds $75,000. (*See* ECF No. 1.) Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania. (*Id.* at 2.)

## III. Standard of Review

Under Rule 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); *Nelson v. Bender*, No. 3:15-64, 2015 WL 8207490, at *4 (W.D. Pa. Dec. 7, 2015).

Courts have also held that motions to strike are the appropriate vehicle to contest the submission of an improper or untimely expert report. *See, e.g., Doyle v. A.C. & S., Inc.,* 01-MD-875, 2012 WL 6739912, at *4-5 (E.D. Pa. Dec. 27, 2012). The Third Circuit has created a four-factor test for courts to evaluate whether an expert report is proper evidence. Courts must consider: (1) the prejudice or surprise of the party against whom the evidence would be admitted; (2) the ability of that party to cure any prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a discovery obligation. *Pritchard v. Dow Agro Sci.*, 263 F.R.D. 277, 282 (W.D. Pa. 2009) (citing *Nicholas v. Penn State Univ.*, 277 F.3d 133, 145 (3d Cir. 2000)). Additionally, "the importance of the excluded testimony should be considered." *Id.* (quoting *Kostantopolous v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)).

## IV. Discussion

Plaintiff does not state legitimate reasons for striking Struble's Report from the record in this case. The Court will fully address Plaintiff's first argument—that the expert report improperly relies upon photographs that were provided to Plaintiff after the close of fact discovery.

Plaintiff's second argument—that he was not afforded an opportunity to depose the individual named Amar or Omar who Defendant Hoobrajh called from the scene of the accident—clearly fails because this argument is wholly unconnected to Struble's Report. Struble's Report does not mention Amar or Omar. (*See* ECF No. 61-2.) And the Report's conclusions are unrelated to any conversation between Defendant Hoobrajh and Omar or Amar after the accident. Therefore, the Court will not analyze this argument further and will instead focus on the propriety of Struble's Report.

First, the Court finds that the admission of Struble's Report will not cause prejudice or surprise to Plaintiff. *Pritchard*, 263 F.R.D. at 282. Plaintiff does not argue that the admission of the Report will prejudice him. Nonetheless, it appears that Struble relied on relevant information available to him, including the photographs that Defendants acquired from Zurich in June 2018, to reach a reasonable conclusion. Plaintiff will only be prejudiced to the extent that Struble's Report contains conclusions that are harmful to his case.

Likewise, Struble's Report should not cause surprise to Plaintiff. It is foreseeable that Defendants would utilize an accident reconstruction expert to rebut Plaintiff's theory of how the accident occurred. It is also foreseeable that Defendants would provide their expert with all available materials to form his opinion. Defendants provided Plaintiff with the newly discovered photographs of the accident on July 5, 2018—nearly a month before Defendants served Struble's Report. Therefore, Plaintiff should have foreseen that Defendants' expert would rely on these photos to reach his conclusions. Accordingly, the

Court finds that the admission of Struble's report will not unduly prejudice or surprise Plaintiff.

Second, the Court finds that Plaintiff has the ability to cure any prejudice that Struble's Report causes. *Id.* Plaintiff may question Struble's Report and its conclusions by cross-examining Struble. Similarly, Plaintiff had the ability to hire its own accident reconstruction expert to contradict Struble's conclusions. *See Hayduk v. City of Johnstown,* No. 3:05-cv-294, 2009 WL 3335339, at *2 (W.D. Pa. June 4, 2009) (Gibson, J.) ("[E]vidence that is admissible although questionable, or shaky, can of course be tested and challenged through the traditional and appropriate means of cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.").

Third, the Court finds that allowing Struble's Report will not disrupt the proceedings in this case. *Pritchard,* 263 F.R.D. at 282. The Court notes that Defendants served Struble's Report upon Plaintiff two days after the deadline to serve expert reports. (*See* ECF No. 42.) However, Plaintiff does not argue that Struble's Report should be stricken because it is untimely. Therefore, the Court will not strike Struble's Report on timeliness grounds.

Moreover, Struble's Report will not disrupt the proceedings in this case because it is the type of expert report that is typically relied upon in litigation involving motor vehicle crashes. And Defendants served Plaintiff with Struble's Report more than two months before the deadline to file dispositive motions in this case, which gave Plaintiff ample time to incorporate the Report into his dispositive motions. (*See* ECF Nos. 48, 56.)

Accordingly, the Court finds that the admission of Struble's Report will not disrupt this litigation.

Fourth, the Court finds that Defendants did not act in bad faith or willfully fail to comply with any discovery obligations. Although Defendants served Plaintiff with the Report two days after the deadline to serve expert reports, there is no evidence that Defendants' slight noncompliance was willful or in bad faith.

There is also no evidence that Defendants acted in bad faith related to the photographs that Defendants acquired from Zurich. Defendants obtained these photographs after repeatedly requesting evidence from Zurich, who insured some Defendants. (*See* ECF No. 65 at 3.) In June 2018, a Zurich representative informed Defendants' counsel for the first time that Zurich also processed a separate claim for Plaintiff's property damage in this same collision. When Zurich forwarded the photographs to Defendants' counsel, she promptly forwarded them to Plaintiff through a supplemental Rule 26 disclosure. (*Id.*) Therefore, because the photographs came from Plaintiff's insurance files, the Court finds that Plaintiff was best situated to uncover (and subsequently disclose) these pictures during discovery, which further indicates that Defendants did not act in bad faith.

And finally, the Court finds that Struble's Report contains important testimony, which further weighs against striking the Report. The opinions in Struble's Report relate directly to liability—the principle issue in this personal injury case. And as Plaintiff points out, Struble's Report contradicts Plaintiff's testimony on the events leading up to the accident, which is important to each party's theory of the case.

## V.    Conclusion

The Court finds that Plaintiff has not proven that the Expert Report of John Struble, M.E. is improper.  Accordingly, the Court will **DENY** Plaintiff's Motion and allow the admission of the Report.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| JAGDAT HOOBRAJH, TRINITY | ) | |
| TRUCKING EXPRESS, INC., J & J | ) | |
| INTERNATIONAL, LLC, and ST. | ) | |
| GEORGE TRUCKING & WAREHOUSE, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

AND NOW, this ___8th___ day of January, 2019, upon consideration of Plaintiff's

Motion to Strike Defendants' Liability Expert Report of John D. Struble, M.E. (ECF No.

61), and for the reasons stated in the Court's Memorandum Opinion, **IT IS HEREBY**

**ORDERED** that the motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE