IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| JAGDAT HOOBRAJH, TRINITY TRUCKING EXPRESS, INC., J & J INTERNATIONAL, LLC, and ST. GEORGE TRUCKING & WAREHOUSE, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Plaintiff's Motion for Partial Summary Judgment as to the Negligence of Defendant, Jagdat Hoobrajh. (ECF No. 57.) This motion is fully briefed (*see* ECF Nos. 59, 64) and is ripe for disposition. For the reasons stated below, Plaintiff's Motion is **DENIED**.

This case arises from a trucking accident that took place on the Pennsylvania Turnpike in Bedford County, Pennsylvania on February 21, 2015. (*See* ECF No. 1 ¶¶ 9-10.) Plaintiff Zaidan Abed-Rabuh alleges that he was injured when the tractor trailer he was driving collided with the tractor trailer driven by Defendant Jagdat Hoobrajh, which was disabled on the side of the road at the time of the accident. (*Id.* ¶ 10.)

### II. Jurisdiction

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332

because Plaintiff is a resident of Washington, Defendants are residents of New York and New Jersey, and the amount-in-controversy exceeds $75,000. (*See* ECF No. 1.) Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania. (*Id.* at 2.)

### III. Standard of Review

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh,* 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.,* 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup,* 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson,* 477 U.S. at 248. The court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.,* 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion

and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11, (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

Federal Rule of Civil Procedure 56 governs summary judgment. *See* FED. R. CIV. P. 56. Section (c) describes the "Procedures" a party must follow when moving for summary judgment. *Id.* Subsection (c)(1), titled "Supporting Factual Positions," requires that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1).

Section (e) applies where a party fails to address a fact contained in a party's concise statement of material facts. Under Rule 56(e),

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> . . . (2) consider the fact undisputed for purposes of the motion.

*Id.; see, e.g., Cooper v. Martucchi*, No. 2:15-CV-00267-LPL, 2016 WL 1726113, at *2 (W.D. Pa. Apr. 28, 2016) (citing FED. R. CIV. P. 56(e)(1)-(3))

"Local Rule 56(E) provides . . . [that] the uncontroverted content of the statement of material fact is deemed admitted and carries conclusive weight for the purposes of summary judgment motions." *Wylie v. TransUnion, LLC*, No. 3:16-CV-102, 2017 WL 4386404, at *3 (W.D. Pa. Sept. 29, 2017) (Gibson, J.); *see Westfield Ins. v. Detroit Diesel Corp.*, No. 3:10-CV-100, 2012 WL 1611311, at *1 (W.D. Pa. May 8, 2012) (deeming facts in [a] party's concise statement of material facts admitted when opposing party failed to file a responsive concise statement of material facts); *see also Kitko v. Young*, No. 3:10-cv-189, 2013 WL 5308016, at *1 (W.D. Pa. Sept. 20, 2013) (Gibson, J.) (holding that "[f]acts insufficiently denied and not otherwise controverted, however, have been deemed admitted per Local Civil Rule of Court 56E").

## IV. Factual History

The following material facts are undisputed unless otherwise noted.[1] The Court includes additional material facts in Part VI where necessary. Because Plaintiff did not respond to Defendants' Counterstatement of Material Facts (*see* ECF No. 64-1 at 4-5), the Court will treat those facts as undisputed. *See* FED R. CIV. P. 56(e); *Wylie*, 2017 WL 4386404, at *3.

### A. Defendant Jagdat Hoobrajh Collided with Median

On February 21, 2015, Defendant Jagdat Hoobrajh was driving a tractor trailer westbound on a divided section of the Pennsylvania Turnpike—Route I-76—through Napier Township in Bedford County, Pennsylvania. (ECF No. 58 ¶ 1; ECF No. 64-1 ¶ 1.) The parties agree that it was snowing on February 21, 2015, but dispute whether the snow was sticking to the roadway. (ECF No. 58 ¶¶ 5, 7; ECF No. 64-1 ¶¶ 5, 7.)

Mr. Hoobrajh lost control of his tractor trailer when he hit a patch of ice or snow in the road, causing his tractor trailer to collide with the median. (ECF No. 58 ¶ 2; ECF No. 64-1 ¶ 2.) After he collided with the median, Mr. Hoobrajh inspected the damage to the left side of his truck. (ECF No. 58 ¶ 12; ECF No. 64-1 ¶ 12.) Then Mr. Hoobrajh got back into the truck and unsuccessfully attempted to restart the engine. (ECF No. 58 ¶ 13; ECF No. 64-1 ¶ 13.) After his collision with the median, Mr. Hoobrajh's tractor trailer came to rest with the cab touching the median barrier on the left and the rest of the tractor trailer

---

[1] The Court derives these facts from a combination of Plaintiff's Concise Statement of Material Facts (ECF No. 58), the Appendices to Plaintiff's Concise Statement of Material Facts (ECF Nos. 58-1, 58-2, and 58-3), Defendants' Response to Plaintiff's Concise Statement of Material Facts (ECF No. 64-1), the Appendix in Support of Defendants' Concise Statement of Material Facts (ECF No. 64-3).

-5-

blocking the left lane of traffic. (ECF No. 58 ¶ 15; ECF No. 64-1 ¶ 15.)

Plaintiff states that Mr. Hoobrajh did not illuminate the emergency flashers on his vehicle after he collided with the median. (ECF No. 58 ¶ 14.) Defendants, however, point out that Mr. Hoobrajh could not have illuminated the emergency flashers because his tractor did not have power. (ECF No. 64-1 ¶ 14.) Mr. Hoobrajh did not have time to place flares or reflective triangles on the road to warn approaching vehicles that his truck was disabled in the left lane of traffic. (ECF No. 58 ¶ 20; ECF No. 64-1 ¶ 20, Counterstatement ¶ 5.)[2]

Mr. Hoobrajh got out of his truck a second time when two truckers stopped and alerted him that another truck was approaching. (ECF No. 58 ¶ 23; ECF No. 64-1 ¶¶ 20, 23.) Mr. Hoobrajh and the other two truck drivers tried to warn oncoming traffic of Mr. Hoobrajh's disabled tractor trailer using a flashlight. (ECF No. 58 ¶ 1; ECF No. 64-1 ¶ 1.)

### B. Plaintiff Abed-Rabuh Collides with Defendant Hoobrajh's Disabled Tractor Trailer

Mr. Abed-Rabuh was travelling westbound on the Pennsylvania Turnpike sometime after Mr. Hoobrajh's tractor trailer collided with the median. (ECF No. 64-1 Counterstatement ¶ 1.) Mr. Abed-Rabuh testified that he was driving approximately 50 miles per hour when he first saw Mr. Hoobrajh's tractor trailer, which was approximately 100 feet away. (Id.) The parties dispute which lane of traffic Mr. Abed-Rabuh travelled in—Mr. Abed-Rabuh testified that he was traveling in the right lane, while Defendants

---

[2] This fact appears in Paragraph 5 of Defendants' Counterstatement of Material Facts on page 5 of ECF No. 64-1. The numbered paragraphs in Defendants' Counterstatement of Material Facts begin at 1 instead of continuing numerically from Defendants' Response to Plaintiff's Concise Statement of Material Facts. The Court will note when a fact is derived from Defendants' Counterstatement of Material Facts.

maintain that he was travelling in the left lane. (ECF No. 64-1 Counterstatement ¶¶ 1, 4.)

Mr. Abed-Rabuh's tractor trailer collided with Mr. Hoobrajh's tractor trailer. (ECF No. 58 ¶ 23; ECF No. 64-1 Counterstatement ¶ 3.) Mr. Abed-Rabuh testified that he could not get out of the way of Mr. Hoobrajh's trailer on the right side of the roadway. (ECF No. 64-1 Counterstatement ¶ 3.) Instead, Mr. Abed-Rabuh testified that he "decided to go all the way to the left so [he] could hit [Mr. Hoobrajh's truck] from the other side." (*Id.* ¶ 3.)

Both drivers allegedly violated Pennsylvania law by driving too fast for roadway conditions at the time of the accident. (*See* ECF No. 57 ¶ 7 ("Defendant, Jagdat Hoobrajh, pleaded guilty to driving too fast for conditions and failing to drive within a single lane [in violation of 75 Pa. C.S.A. § 3361]."); ECF No. 64 at 1 ("The State Police Crash Report identifies Plaintiff "Driving Too Fast for Conditions" as a Driver Action that contributed to the accident and notes that Plaintiff violated Pennsylvania Vehicle Code 3361 – Driving Vehicle at Safe Speed.")).

Defendants include their accident reconstruction expert's conclusions in their Counterstatement of Material Facts—the Court will not consider those undisputed for purposes of deciding Plaintiff's Motion. (*See id.* ¶¶ 4-5.)

V. **Procedural History**

Plaintiff Abed-Rabuh filed a Complaint against Defendant Hoobrajh, J & J International, LLC ("J & J"), St. George Trucking and Warehousing, Inc. ("St. George"), and Trinity Trucking Express, Inc. ("Trinity"). (ECF No. 1.)

Mr. Hoobrajh worked as a driver for Trinity at the time of the collision.³ (*See id.* ¶ 20.) Trinity "leased its truck and employee/driver, Defendant, Jagdat Hoobrajh, to Defendant J & J." (*Id.*) In his Complaint, Plaintiff Abed-Rabuh alleges that St. George should be vicariously liable for Mr. Abed-Rabuh's injuries, but does not specify St. George's relationship to the other Defendants. (*Id.* ¶¶ 22-24.)

From June 2017 until late 2018, the parties engaged in discovery. (*See* ECF Nos. 24, 39, 41, 60, 69.) The Court issued multiple opinions on discovery disputes. (*See* ECF Nos. 56, 60, 68, 69.) On December 10, 2018, the parties stipulated to St. George's dismissal from the case. (ECF Nos. 66, 67.)

Plaintiff Abed-Rabuh filed the instant Motion for Partial Summary Judgment on October 30, 2018. (ECF Nos. 57-59.) Defendants responded. (ECF No. 64.) On October 24, 2018, Plaintiff filed a Motion for Judgment on the Pleadings. (ECF No. 54.) Defendants never responded to Plaintiff's Motion for Judgment on the Pleadings.

## VI. Discussion

In his Motion for Partial Summary Judgment, Mr. Abed-Rabuh argues that Mr. Hoobrajh was negligent per se because he: (1) drove too fast for roadway conditions in violation of Pennsylvania law; and (2) failed to warn oncoming traffic of his disabled tractor trailer in violation of Pennsylvania law and federal regulations. (ECF No. 57 ¶¶ 7-22.)

---

³ It is unclear if Mr. Abed-Rabuh was employed by J & J or if he worked as an independent contractor. Further, the exact relationship between J & J, Trinity, and St. George is unclear, but irrelevant for purposes of deciding the instant Motion.

-8-

A.  Negligence Per Se

Under Pennsylvania law, "[t]he Court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation." *Congini by Congini v. Portersville Valve Co.*, 470 A.2d 505, 517-18 (Pa. 1983). To establish negligence per se under Pennsylvania law, a plaintiff must show: (1) that the purpose of the statute or regulation is to protect a group of individuals, as opposed to the general public; (2) that the statute or regulation applies to the conduct of the defendant; (3) that the defendant violated the statute or regulation; and (4) that the violation of the statute or regulation is a proximate cause of the plaintiff's injuries. *See, e.g., Schemberg v. Smicherko*, 85 A.3d 1071, 1074 (Pa. Super. 2014) (citing *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1058-59 (Pa. Super. 2003)).

For a statute or regulation to constitute the standard of care, the Court must find that the purpose of the statute or regulation is exclusively or partially:

(a)  to protect a class of persons which includes the one whose interest is invaded;

(b)  to protect the particular interest which is invaded;

(c)  to protect that interest against the kind of harm which has resulted; and

(d)  to protect that interest against the particular hazard from which the harm results.

*Congini*, 470 A.2d at 517-18 (citing *Majors v. Brodhead Hotel*, 205 A.2d 875 (Pa. 1965); *Frederick L. v. Thomas*, 578 F.2d 513 (3d Cir. 1978)).

In certain situations, violation of a statute does not give rise to a finding of negligence per se. First, where a statute is vague, the court should not declare a

-9-

defendant negligent as a matter of law for violating the statute, but should allow the jury to decide the question of negligence. *See, e.g., Thomas v. Roland*, 167 F. Supp. 622, 624 (E.D. Pa. 1958); *Beaver Valley Power Co. v. Nat'l Eng'g & Contracting Co.*, 888 F.2d 1210, 1222 (3d Cir. 1989) (citing *Miller v. Hurst*, 448 A.2d 614, 618 (Pa. 1982)); *In re TMI*, 67 F.3d 1103, 1115 (3d Cir. 1995) (finding statute too "vague and elusive" to constitute negligence per se).

Second, a defendant is not negligent as a matter of law for violating a statute or regulation if there is a reasonable and legitimate excuse for the violation. A violation is excused when it is reasonably caused by the actor's incapacity, the actor is unable to comply after reasonable diligence and care, the actor encounters an emergency not due to his own misconduct, or where compliance would involve a greater risk of harm to the actor and others. *Bumbarger v. Kaminsky*, 457 A.2d 552, 555 (Pa. Super. 1983); *Thompson v. Austin*, 272 F. App'x 188, 192 (3d Cir. 2008). Courts have specifically held that weather conditions excuse statutory violations of traffic laws in the automobile context. *Bumbarger*, 457 A.2d at 555; *Thompson*, 272 F. App'x at 192.

### B. There is a Genuine Issue of Material Fact as to Whether Defendant Hoobrajh was Negligent Per Se by Driving too Fast for Conditions

The Court will not hold that Defendant Hoobrajh is negligent as a matter of law for driving too fast under the conditions because there is a genuine dispute of material fact as to the fourth element of negligence per se—that Mr. Hoobrajh's violation of the statute was the proximate cause of Mr. Abed-Rabuh's injuries.

Under Pennsylvania law, "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the . . . actual and potential conditions then existing, nor

at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead." 75 Pa. C.S.A. § 3361; *see also Lockhart v. List*, 665 A.2d 1176, 1179-80 (Pa. 1995).

Here, it appears that both Mr. Abed-Rabuh and Mr. Hoobrajh violated 75 Pa. C.S.A. § 3361. Mr. Hoobrajh pleaded guilty to driving too fast for conditions and failing to drive within a single lane of traffic. (ECF No. 58 ¶ 27.) The Pennsylvania State Police's Crash Report stated that Plaintiff Abed-Rabuh was "driving too fast for conditions," and noted that Mr. Abed-Rabuh violated 75 Pa. C.S.A. § 3361 by failing to operate his vehicle at a safe speed. (ECF No. 64-1 ¶ 27.)

Because both drivers violated the same statute, there is a genuine dispute of material fact as to whether Defendant Hoobrajh's violation of the statute was the proximate cause of Plaintiff Abed-Rabuh's injuries. The Pennsylvania Supreme Court has "consistently and without exception held that issues of causation are matters of fact for the jury to decide . . . [unless] it is clear that reasonable minds could not differ on the issue." *Rost v. Ford Motor Co.*, 1551 A.3d 1032, 1049-50 (Pa. 2016) (quoting *Hamil v. Bashline*, 392 A.2d 1280, 1284-85 (Pa. 1978)).

Here, reasonable minds could differ on which driver's unsafe driving was the proximate cause of the collision between the two tractor trailers. There is evidence that both drivers' unsafe operation played a part in the collision between their tractor trailers. Accordingly, the Court will leave this finding to the jury.

Pennsylvania courts have held that a statutory violation will not result in a finding of negligence per se if there is a question of causation. *See Zangrando v. Sipula*, 756 A.2d

-11-

73, ¶ 28 (Pa. Super. 2000); *Mahan*, 841 A.2d at 1059-60 ("[A] plaintiff, having proven negligence per se cannot recover unless it can be proven that such negligence was the proximate cause of the injury suffered.").

In conclusion, the Court finds that there is a genuine dispute of material fact as to whether Defendant Hoobrajh's violation of 75 Pa. C.S.A. § 3361 by driving at an unsafe speed was the proximate cause of Mr. Abed-Rabuh's injuries. This is a classic question of causation that is properly left to the jury. Therefore, the Court will deny Plaintiff's Motion for Partial Summary Judgment in this respect.

### C. There is a Genuine Issue of Material Fact as to Whether Defendant Hoobrajh was Negligent Per Se by Failing to Warn Oncoming Traffic of his Disabled Vehicle

The Court finds that Defendant Hoobrajh was not negligent as a matter of law by failing to warn oncoming traffic of his disabled vehicle because there are genuine disputes of material fact as to the timing of the accident and whether he had a reasonable and legitimate excuse for failing to utilize warning devices.

Plaintiff argues that Defendant Hoobrajh violated 49 C.F.R. § 392.22(b)(v), 75 Pa. C.S.A. § 4305, 67 Pa. Code § 167.8(b), and 75 Pa. C.S.A. § 4530(b) by failing to warn oncoming traffic of his disabled vehicle. Each of these statutes and regulations require disabled vehicles to display warning signals.

75 Pa. C.S.A. § 4530(b) requires the driver of any tractor trailer that is disabled or stopped on a divided highway to display portable warning devices such as flares or reflective triangles. 67 Pa. Code § 167.8(b)(1) specifies the distances from the vehicle at which these warning devices must be placed. 75 Pa. C.S.A. § 4305 requires drivers of

disabled vehicles to utilize the vehicle's flashing four-way hazard lights to warn other drivers. Similarly, the Federal Motor Carrier Safety Regulations require drivers of disabled commercial vehicles to utilize flashing four-way hazard lights and to place warning devices within a certain distance of the vehicle within ten minutes of the vehicle becoming disabled. 49 C.F.R. § 3922.22.

Plaintiff argues that Defendant Hoobrajh violated each of these statutes and regulations because he did not activate his tractor trailer's flashing four-way hazard lights or place warning devices in the road to warn oncoming traffic of his disabled vehicle within ten minutes. (ECF No. 57 ¶¶ 13-14, 17-22.)

The Court finds that Defendant Hoobrajh was not negligent as a matter of law for violating these statutes and regulations. First, there is a genuine dispute of material fact as to how much time transpired between Mr. Hoobrajh's collision with the median and the collision between the tractor trailers. In his Motion, Plaintiff suggests that Mr. Hoobrajh was at the scene of the accident for more than ten minutes before the collision with Mr. Abed-Rabuh's trailer, which would constitute a violation of 49 C.F.R. § 3922.22. (*See* ECF No. 57 ¶¶ 14-16.) However, Defendants allege Mr. Hoobrajh did not have time to put out warning devices because the accident occurred less than ten minutes after Mr. Hoobrajh's tractor trailer became disabled. (ECF No. 64-1 Counterstatement ¶ 6; ECF No. 64 at 6-7.)

Second, there is a genuine dispute of material fact as to whether Mr. Hoobrajh had a reasonable and legitimate excuse for failing to utilize warning devices after the accident. Defendants argue that Mr. Hoobrajh could not have activated his tractor trailer's flashing

four-way hazard lights because his vehicle was without power after the accident. (ECF No. 64-1 ¶ 14.) This excuses Mr. Hoobrajh's violation of the statutes and regulations requiring him to activate those lights. Defendants also argue that after Mr. Hoobrajh collided with the median, he did not have time to place warning signals in the road to warn oncoming traffic. (*Id.* Counterstatement ¶ 6.)

Moreover, other courts have held that the question of whether a driver had adequate time to place warning devices in the road as required by 49 C.F.R. § 3922.22 is a factual question for the jury. *See McGarity v. FM Carries*, No. 4:10-cv-00130, 2012 WL 1028593, at *14 (S.D. Ga. Mar. 26, 2012); *Clark v. Irwin*, No. 1:09-v-00101, 2011 WL 13152865, at *8 (M.D. Ga. May 31, 2011); *Florea v. Werner Enters., Inc.*, No. 9:09-cv-00052, 2009 WL 2421853, at *7 (D. Mont. July 29, 2009).

In conclusion, the Court finds there are genuine issues of material fact as to whether Defendant Hoobrajh violated statutes and regulations by failing to warn oncoming traffic of his disabled tractor trailer. Therefore, the Court will deny Plaintiff's Motion for Partial Summary Judgment in this respect.

## VII. Conclusion

For the reasons stated above, the Court finds that there are genuine disputes of material fact that preclude the Court from finding that Defendant Hoobrajh was negligent as a matter of law. Accordingly, the Court will **DENY** Plaintiff's Motion for Partial Summary Judgment (ECF No. 57).

A corresponding order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| JAGDAT HOOBRAJH, TRINITY TRUCKING EXPRESS, INC., J & J INTERNATIONAL, LLC, and ST. GEORGE TRUCKING & WAREHOUSE, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 25-th day of January, 2019, upon consideration of Plaintiff's Motion for Judgment on the Pleadings (ECF No. 54), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

In Plaintiff Abed-Rabuh's Motion for Judgment on the Pleadings, he seeks to hold Defendant Trinity Trucking Express, Inc. vicariously liable for Defendant Jagdat Hoobrajh's negligence to the extent that Defendant Hoobrajh is found liable to Plaintiff. (*Id.* at 1.) Although *respondeat superior* may apply in this case, the Court will deny Plaintiff's Motion because the Court denied Plaintiff's Motion for Partial Summary Judgment on the issue of Defendant Hoobrajh's negligence. The issues of liability and vicarious liability will therefore be addressed at trial.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ZAIDAN ABED-RABUH, | ) | Case No. 3:17-cv-15 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| JAGDAT HOOBRAJH, TRINITY TRUCKING EXPRESS, INC., J & J INTERNATIONAL, LLC, and ST. GEORGE TRUCKING & WAREHOUSE, INC., | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 25th day of January, 2019, upon consideration of Plaintiff's Motion for Partial Summary Judgment as to the Negligence of Defendant, Jagdat Hoobrajh (ECF No. 57), and for the reasons stated in the Court's Memorandum Opinion, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE